## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD C. CARRIER, Ph.D., an individual, | Case No.: 0:19-CV-01152-PJS-LIB |
| Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| PAUL Z. MYERS, Ph.D., an individual, | |
| Defendant. | |

Plaintiff's claims are untimely. In opposition to Defendant's motion to dismiss, Plaintiff argues that a later video report on the prior case somehow makes his claims timely.  That does not make any sense.  Further, the purportedly defamatory remarks republished in the video are not at issue in the Complaint.  Even in the absence of a dismissal on timeliness grounds, Plaintiff fails to demonstrate any reasonable probability of showing actual malice or falsity with respect to his defamation claims (Counts 1 & 2). Plaintiff makes no argument in opposition to dismissal of the claims for intentional and negligent emotional distress (Counts 3 & 4).  The entire Complaint should be dismissed with prejudice.

## 1.0    Minnesota's Two-Year Statute of Limitations Bars the Complaint

Plaintiff Carrier concedes that if the Minnesota statute of limitations applies (which it does), his defamation claims are time-barred.  *See* Complaint, Doc. No. 1 at ¶ 57 (citing Minn. Stat. 541.07(1)).  He attempts to avoid dismissal by referring to Minn. Stat. 541.32, which permits application

of another state's statute of limitations.[1]  *See* Opposition, Doc. No. 27 at 3. However, he neglects a crucial aspect of this law—it **only** applies "if the statute of limitations of another state applies to the assertion *of a claim in this state*".  Minn. Stat. 541.32 (quoted in Opposition, Doc. No. 27 at 3). Plaintiff makes no predicate showing that Ohio's statute of limitations (and saving statute) applies to this claim.

Ohio law (its statute of limitations and savings statute) does not apply under *Nw. Airlines v. Astraea Aviation Servs.*, 111 F.3d 1386, 1393 (8th Cir. 1997).  *See* Motion, Dkt. No. 9 at 7-11.  There was a constitutional problem with subjecting Dr. Myers to jurisdiction in Ohio (as this claim was, at the time, either a Minnesota claim or a California claim). There remains a constitutional problem with applying Ohio law—Dr. Myers lacks minimum contacts with that state.  *See id*. at 7-8.  Similarly, Plaintiff provides no argument under the factors outlined in *Jepson v. General Cas. Co. of Wis.*, 513 N.W.2d 467, 470 (Minn. 1994) why Minnesota law should apply. *Compare* Motion, Doc. No. 9 at 8-9 with Opposition, Doc. No. 27 at 2-5. Since the law of Ohio does not apply to the claims asserted, Minn. Stat. 541.32 does not act to apply the Ohio savings statute to this action.

---

[1]  Plaintiff makes an argument as to Defendant's citation to *Anderson v. H-Window Co.*, C9-98-1103, 1999 Minn. App. LEXIS 171 (Ct. App. Feb. 23, 1999).  *See* Opposition, Doc. No. 27 at 3.  However, that citation was for the proposition that the pendency of the Ohio suit did not toll the Minnesota statute of limitations.  *See* Motion, Doc. No. 9 at 6. Plaintiff's argument as to it predating the passage of Minn. Stat. 541.32, which is about the application of foreign law, has nothing to do with the tolling of Minnesota's statute of limitations.

## 2.0    Equitable Tolling Does Not Save the Complaint

Equitable tolling does not help Plaintiff.[2]  He admits he chose not to originally file in Minnesota in a timely manner to save expense.  Opposition, Doc. No. 27 at 5.  That is not an "extraordinary circumstance" required under *Sanchez v. State*, 816 N.W.2d 550, 561 (Minn. 2012).  He did not have to file in Ohio originally.  He had at least two options:  He could have filed in California, against all defendants; or, he could have filed separate actions in each defendants' home state, as he is now doing.  He did not have to maintain the action in Ohio once the defendants there raised the issue of personal jurisdiction. Plaintiff forum-shopped this case into Ohio, because he felt that doing so was to his tactical advantage (and to his defendants' disadvantage).  Importantly, there is no legal reason why he had to sue all of those defendants in a single action (after all, he is not doing that this time, despite all parties' admission that they would be subject to jurisdiction in California).  He discusses "parties acting in concert across several states", but there was no such allegation in the Ohio action. Contrast Opposition, Doc. No. 27 at 5 with Doc. 10-9 (complaint in Ohio action).

As he saw the writing on the wall in Ohio – sensing a likely dismissal, he anticipated that this action would be time-barred if he had to refile in

---

[2]    Plaintiff does not make any argument that, under choice of law rules, Ohio's law of equitable tolling applies.  His citation to *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007) only states the factors to toll federal claims.  He fares worse under *Dixon*—Plaintiff had notice and constructive knowledge of the requirement to file, Defendant was prejudiced by it not being filed in Minnesota, and Plaintiff unreasonably remained ignorant of the requirement to file in Minnesota.

Minnesota (Doc. No. 10-2).  Despite sensing the impending doom of his forum-shopping-trip, he took no steps to preserve his rights here in Minnesota – instead asking the Ohio court to grant him an order equitably tolling his claim. *See Carrier v. FreethoughtBlogs Network et al.*, 2:16-cv-00906-MHW-EPD (S.D. Ohio 2016) at Dkt. No. 32, also attached hereto as **Exhibit 1.** The Southern District of Ohio unsurprisingly declined to enter such an unusual order. *See Carrier v. FreethoughtBlogs Network et al.*, 2:16-cv-00906-MHW-EPD (S.D. Ohio 2016) at Dkt. No. 37, also attached hereto as **Exhibit 2.** Thus, the circumstances were not extraordinary and equitable tolling does not apply.

### 3.0    The Video is Not a Clock – Restarting Event

In Paragraphs 35 & 36, Plaintiff references a YouTube video (the "Video") reporting on the Ohio action.  Plaintiff claims that this is evidence that the original statement, which was the subject of the Ohio action as well as this case, was evidence of actual malice.  Plaintiff now attempts to use that Video[3] and subsequent alleged comments as a separate publication, triggering a new statute of limitations.  *See* Opposition, Doc. No. 27 at 6-9.

This lawsuit is not about the Video.  Plaintiff affirms as much in his Opposition, Doc. No. 27 at 10, alleging "the singular statement that is the matter of this lawsuit[.]"  The singular statement is identified in Paragraph 22 of the Complaint (Doc. No. 1).  As the Video is not alleged to be the

---

[3]    Plaintiff appears to have conventionally filed the Video, to which Dr. Myers has no objection.  See Doc. Nos. 25, 26, 28-1 & 29.

actionable defamation in the Complaint,[4] it has no bearing on the calculus of the statute of limitations.  *See Seenyur v. Coolidge,* 2016 U.S. Dist. LEXIS 112473, at *31-32 (D. Minn. July 21, 2016) (addressing claim by *pro se* plaintiff) *quoting EEOC v. United Parcel Serv., Inc.,* 141 F. Supp. 2d 1216, 1218 n.1 (D. Minn. 2001) ("Because this claim was not alleged in the Complaint, it is not properly before the Court").  To the extent the Video republishes the singular statement, Minnesota utilizes the single-publication rule, which does not restart the time limitation.  *See Shepard v. TheHuffingtonPost.Com, Inc.,* 509 F. App'x 556, 556 (8th Cir. 2013) citing *Church of Scientology of Minn. v. Minn. State Med. Ass'n Found.,* 264 N.W.2d 152, 155 (Minn. 1978). Plaintiff's claims are time-barred and should be dismissed.

## 4.0   The Singular Statement is Not False

Defendant did not write that Plaintiff "persisted" in sexual behavior "in defiance of specific requests that he cease", but rather that **he had received reports of such**.  This is provably true.  The June 15, 2016 Facebook

---

[4]   Neither does Dr. Carrier set forth what is defamatory about the Video. Paragraph 36 of the Complaint (Doc. No. 1) claims Defendant lied in the Video about when Plaintiff was told what he was being accused of, but there is nothing alleged that would imply any reputational harm to Plaintiff even if it was false.  *See Stuempges v. Parke, Davis & Co.,* 297 N.W.2d 252, 255 (Minn. 1980) (defamatory statements "must tend to harm the plaintiff's reputation and to lower him in the estimation of the community.")  The same holds for the other citations to the Video not mentioned in the Complaint, the alleged unpublished conversation between Plaintiff and Defendant, and Defendant's alleged subsequent online comment.  *See* Opposition, Doc. No. 27 at 6-7 citing Doc. No. 28 at ¶¶ 7-16 (Affidavit of Plaintiff), Doc. No. 10-1 at 43-44, and Doc. No. 28-2.  Thus, even if these were claimed as defamatory in the Complaint, they are not actionable and, in any event, do not make the original statement any less time-barred.

post by Amy Frank and the June 20, 2016, Skepticon blog post evidence such reports.  Frank wrote "Richard Carrier, the man who sexually harassed me and touched me a year ago after speaking at ASU…I'm not even close to being his only victim".  Doc. No. 10-3 at 2.  Skepticon wrote "we stopped inviting [Carrier] to speak partly because of his repeated boundary-pushing behavior".  Doc. No. 10-3 at 4.  An article by Stephanie Zvan referred to two other people about whom Carrier "met their polite deferral of his interest with more blunt expressions of interest."  Doc. 10-5.

In response, Plaintiff makes a series of semantics arguments. Opposition, Doc. No. 27 at 10 and 12-14.  He quibbles over interpretations of the term "persisting" and the phrase "requests that he cease".   He digresses into whether the SSA non-fraternization policy directly applied to him.  A dispute over mere semantics cannot, however, form the basis for a defamation claim if the statement is true in substance. *Jadwin v. Minneapolis Star & Tribune Co*., 390 N.W.2d 437, 441 (Minn. Ct. App. 1986) ("If the statement is true in substance, inaccuracies of expression or detail are immaterial.")  "A statement is substantially accurate if its gist or sting is true, that is, if it produces the same effect on the mind of the recipient which the precise truth would have produced."  *Oaks Gallery & Country Store-Winona, Inc. v. Lee Enters*., 613 N.W.2d 800, 803 (Minn. Ct. App. 2000).

Notwithstanding Plaintiff's semantics arguments, Defendant's word choice in reporting on the Frank, Skepticon, and Zvan posts did not alter the gist or sting of those underlying reports.  Moreover, Plaintiff even admits to asking people out on dates, with the recognition that sex is a

"subcategory of dating." *See* Doc. No. 27 at 10 n.6 & 13.  And he ignores Defendant's email to him, made an exhibit to the Complaint, in which Defendant also reported (without denial from Plaintiff) that "there is a rising number of women who are telling me that you do not respect their boundaries particularly well." Doc. No. 1-1 at 5.  Since these statements that Plaintiff does not deny are substantively true, the purportedly defamatory statements forming the basis of Plaintiff's claims are, at worst, inaccuracies of expression.   The allegedly defamatory statements (persisting in behavior despite requests to cease) produce no different impression than the statement that Plaintiff did not respect boundaries. That is, persisting in a behavior despite requests to cease is the same thing as not respecting boundaries. Thus, Plaintiff's complaint fails to plead falsity and it should be dismissed.

## 5.0    The Singular Statement was Not Published with Actual Malice

Plaintiff does not dispute he is a public figure or that the actual malice standard applies to him in this matter.  Once more, however, he quotes Defendant out of context to try to manufacture liability where none exists. Plaintiff makes much of Defendant's remark that Ms. Frank's accusations were "not particularly believable," but that statement must be read in context:

> I know you've already dealt with the Amy Frank accusations, which in themselves are not particularly believable, but there is a rising number of women who are telling me that you do not respect their boundaries particularly well.

Contrast Opposition Doc. No. 27 at 14 (discussing Complaint, Doc. No. 1 at ¶ 33) with Doc. No. 1-1 at 5.  Thus, Defendant is only saying he was not

merely relying on Ms. Frank's accusation alone and would not be particularly believable if it was the only report he had. It does not mean he believed her report to be false or that he published the singular statement with reckless disregard for the truth or falsity, especially as he was not considering Ms. Frank's report in isolation. In addition, the Skepticon and Zvan posts provided confirmatory evidence.

Plaintiff acknowledges that a mere failure to investigate does not demonstrate actual malice, but argues that Defendant purposefully avoided the truth. *See* Opposition, Doc. No. 27 at 16. He argues that Dr. Myers should have sought out witnesses and examined documents challenging the reliability of the victims who reported Plaintiff's behavior. *Id*. at 15. But this does not show Dr. Myers purposefully avoided exculpatory evidence. Indeed, nothing in the Complaint suggests any such exculpatory information was available to Dr. Myers. *Contrast* Complaint, Doc. No. 1 at ¶¶ 28-39 with Opposition, Doc. No. 27 at 15. To the contrary, Defendant explicitly asked Plaintiff "[i]f you have exculpatory information, share it with us first." Doc. No. 1-1 at 5. Though Plaintiff responded, "I just did," there is not an inkling of how it is exculpatory in the Complaint or that, as a result, Dr. Myers "in fact entertained serious doubts as to the truth of his publication" so as to have published with reckless disregard. *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). Dr. Myers was under no obligation to take Plaintiff's word over the statements of multiple victims. Thus, there is no

plausible allegation of actual malice and the Complaint should be dismissed with prejudice.[5]

## 6.0   Conclusion

The emotional distress claims should be dismissed for lack of opposition.   The defamation claims should be dismissed as untimely, unsaved, and untolled, in addition to the singular statement being substantially true and made without actual malice.  In light of the foregoing, Plaintiff's complaint should be dismissed, with prejudice, in its entirety.

Dated August 12, 2019          Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
Ronald D. Green (*pro hac vice*)
**RANDAZZA LEGAL GROUP, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
ecf@randazza.com

Troy Hutchinson
(MN License No. 0320420)
**ROCK HUTCHINSON**
120 South Sixth Street, Suite 2050
Minneapolis, MN 55402
Telephone: 612-743-3164
thutchinson@rockhutchinson.com

Attorneys for Defendant
Paul Z. Myers

---

[5]   Defendant unintentionally included mention of failure to meet the amount in controversy requirement of 28 U.S.C. § 1332(a).  This was an artifact of the drafting process.  Defendant believes it likely, based on Plaintiff's other litigation, that the amount in controversy requirement is not met here either and, if and when appropriate, will file a motion pursuant to Rule 12(h)(3).

## CERTIFICATE OF COMPLIANCE

Defendant's counsel hereby certifies that this memorandum complies with the limits in LR 7.1(f) and with the type-size limit of LR 7.1(h).  This memorandum contains 2,367 words, set in a proportional font.  The foregoing word count is based upon the word-count function of counsel's Microsoft Word, Version 16.26, word-processing software, applied to include all text, including headings, footnotes, and quotations.

Dated August 12, 2019            Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
_____
Marc J. Randazza (*pro hac vice*)
Ronald D. Green (*pro hac vice*)
**RANDAZZA LEGAL GROUP, PLLC**
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
ecf@randazza.com

Troy Hutchinson
(MN License No. 0320420)
**ROCK HUTCHINSON**
120 South Sixth Street, Suite 2050
Minneapolis, MN 55402
Telephone: 612-743-3164
thutchinson@rockhutchinson.com

Attorneys for Defendant
Paul Z. Myers

Case No. 0:19-cv-01152-PJS-LIB

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on August 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.


Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza