# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD CARRIER | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 4:19-CV-1059-JCH |
| SKEPTICON, INC., and LAUREN LANE | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Case (ECF No. 6). The matter is fully briefed and ready for disposition.

## BACKGROUND

On or about June 20, 2016, Defendant Skepticon published a blog post on its website, entitled "Keeping Skepticon Safe: Richard Carrier to Be Banned." The author of the post was Lauren Lane. Plaintiff alleges that this blog post is false and defamatory. The post speaks of Plaintiff's alleged misbehavior. "While he was a featured speaker for many years, we stopped inviting him to speak partly because of his repeated boundary-pushing behavior, including towards someone involved in Skepticon." (ECF No. 1-1). Plaintiff further alleges that on September 1, 2016, Defendants' previous attorney, Harmeet Shillon, made defamatory statements that are attributable to the Defendants. (ECF No. 1-2). Plaintiff specifically objects to allegations of sexual harassment that were discussed in the letter, which states:

> To the extent the Post accuses Dr. Carrier of sexual harassment "'towards someone involved in Skepticon,' this is true, and will be proven in court if necessary. Ms. Lane will testify about the many occasions on which [Plaintiff] made unwanted sexual advances toward her, including but not limited to touching her knees and hugging her without permission; leering

1

at her asking her inappropriate questions; and making harassing and sexually-charged comments about and towards her.

(ECF No. 1 ¶ 28; ECF No. 1-2).

On September 20, 2016, Plaintiff filed suit in Ohio against seven defendants, including Defendant Lane and Defendant Skepticon. In that case Defendants moved to dismiss on December 1, 2016, for lack of personal jurisdiction. (ECF No. 6-2). On November 14, 2018, the Southern District of Ohio granted the motion and dismissed the action. (ECF No. 6-3). Defendants argue that Plaintiff's claim must be dismissed because it is time-barred under the Missouri statute of limitations.

## **LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." When considering a 12(b)(6) motion, all factual allegations in the complaint, and reasonable inferences arising therefrom, must be construed in favor of the nonmoving party. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *see Knapp v. Hanson*, 183 F. 3d 786,788 (8th Cir. 1999). To survive a motion to dismiss a complaint must show that "'the pleader is entitled to relief,' in order to 'give the defendant[s] fair notice of what the… claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *See also Erickson v. Pardus*, 551 U.S 89, 93 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556). Further, in regard to a Rule 12(b)(6) Motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide

2

Case: 4:19-cv-01059-JCH   Doc. #: 10   Filed: 09/30/19   Page: 3 of 6 PageID #: 475
CASE 0:19-cv-01152-LIB   Doc. 32-1   Filed 09/30/19   Page 3 of 6

> the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure ' 1216, pp. 235-236 (3d ed. 2004).

*Twombly*, 550 U.S. at 555. *See also Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009)(en banc)("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims…, rather than facts that are merely consistent with such a right.'")(quoting *Stalley v. Catholic Health Initiative*, 509 F.3d 517, 521 (8th Cir. 2007)).

### **DISCUSSION**

The Defendants argue that Plaintiff's claim is time-barred. A party may utilize a 12(b)(6) motion to challenge a complaint on statue of limitations grounds where the complaint itself establishes that the claim is time-barred. *See, Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). The statute of limitations in Missouri for defamation is two years. Mo. Ann. Stat. § 516.140. In Missouri, the statute of limitations for defamation begins to run "not when the defamatory statement was made, but when damages were ascertained." *Thurston v. Ballinger*, 884 S.W.2d 22, 26 (Mo. Ct. App. 1994). "Damages are ascertained when the fact of damages appears, not when the extent or the amount of damage is determined." *Thurston*, 884 S.W.2d at 26 (citing *Newton v. B.P.S. Guard Servs., Inc.*, 833 S.W.2d 14,16 (Mo. Ct. App. 1992); *Title Ins. Co. of Minnesota v. Construction Escrow Serv., Inc.*, 675 S.W.2d 881 (Mo. Ct. App. 1984)).

The Missouri Court of Appeals has expressed that the fact of damages appears, and the statute of limitations begins to run when the Plaintiff has learned of the defamatory statement and has "begun to suffer the loss of business". *Thurston,* 884 S.W.2d at 26. Defendants allege that Plaintiff's claims are time-barred because the alleged defamation occurred in June of 2016;

that on July 26, 2016, Plaintiff sent a cease and desist letter to the Defendants on July 26, 2016, in which he claimed that he would sue for damages. (ECF No. 6, at 5; citing ECF No. 1-8). On September 20, 2016, Plaintiff filed a complaint in the United States District Court for the Southern District of Ohio where he alleged that Defendant's statement caused reputational and economic damages to the Plaintiff. (ECF No. 1-1). Plaintiff's cease and desist letter indicates that the Plaintiff had knowledge on or before July 2016 of the defamation, and his lawsuit indicates that on or before September 20, 2016, Plaintiff believed that he had begun to suffer the loss of business. Plaintiff, aware of the statue of limitation in Missouri, argues in his present Complaint, that Ohio law and its one-year saving statue ought to apply instead of the laws of Missouri. (ECF No. 1, ¶ 49-51). Plaintiff further argues that equitable tolling should apply. *Id.* ¶ 52.

In diversity cases, federal courts apply the forum state's choice-of-law principles. *See, Prudential Ins. Co. of America v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007); *and see, Am. Guar. & Liab. Ins. Co. v. United States Fid. & Gaur Co.*, 668 F.3d 991, 996 (8th Cir. 2012). Therefore, the Court will apply Missouri Law in this case. Before applying Missouri choice-of law rules, the Court must first determine whether a conflict exists. *Id.* In this case there is no conflict.

The Missouri's Saving's statute permits the commencement of a new action within one year of dismissal of the prior action. Mo. Ann. Stat. § 516.230 (1952). The Missouri Savings Statute however, "applies only to cases originally filed in Missouri." *Mizomaki Bros. of Arizona Inc. v. Mobay Chemical Corp.*, 798 F.2d 1196 (8th Cir. 1986); *see also King v. Nashua Corp.*, 763 F.2d 332 (8th Cir. 1985)(holding that Mo. Ann. Stat. § 516.230 does not apply where first action was filed outside of Missouri.). Therefore, the Missouri savings statute does not apply and under the Missouri statute of limitations Plaintiff's case is time-barred. In Ohio, the statute of

4

limitations for a defamation claim is one year from the date the cause of action accrues. *Altier v. Valentic*, 2004 WL 2376265 at *7 (Oct. 22. 2004); R.C. 2305.11(A). The Ohio Savings Statute "can be used only once to invoke an additional one-year time period in which to refile an action." *Hancock v. Kroger Co.*, 103 Ohio App.3d 266, 269 (1995). Under Ohio law this case is similarly time-barred. Petitioner's case is time-barred regardless of the law applied and therefore there is no conflict of law in this case.

The Plaintiff asks the Court to apply equitable tolling in this case and find that the statute of limitations will not bar his claim. The Court declines to do so. "Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." *Ousley v. Rescare Homecare*, No. 4:13-CV-00898-SPM, 2013 WL 5966050 (E.D. Mo. Nov. 8, 2013)(citing *Hill v. John Chezik Imps.*, 869 F.2d 112, 1124 (8th Cir. 1989)). Plaintiff filed the case in Ohio within the Ohio and Missouri statues of limitation. Defendant was aware of potential jurisdictional defects in his case by way of Defendants' Motion to dismiss for lack of personal jurisdiction on December 1, 2016, well within the Missouri statute of limitations. *See* (ECF No. 6-8, at 2 Plaintiff's Motion for Prospective Equitable Tolling). Plaintiff was also aware of the possibility of his claim being time-barred should the Court grant Defendants' Motion to Dismiss for lack of personal jurisdiction. *Id.* at 1 (stating "Plaintiff… hereby moves this honorable Court to apply the doctrine of equitable tolling to toll the statute of limitations for one year, in the prospective event this Court might grant Defendant's motion to dismiss for lack of jurisdiction or for improper venue…"). Plaintiff has not argued that there was any impediment to him complying with the Missouri statute of limitation and has not indicated that anything prevented from filing in Missouri within Missouri's two-year statute of limitation. Therefore, equitable tolling will not be applied in this case.

5

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Claim for Defamation against the Defendant is hereby **DISMISSED with prejudice**.

Dated this 30th day of September.

/s/ Jean C. Hamilton

JEAN C. HAMILTON
UNITED STATES DISTICT COURT JUDGE